UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
OCEAN WALK LTD., et al.,

                                Plaintiffs,                    **ORDER**
                                                                       CV 03-5271(DRH) (ARL)

     -against-

THOSE CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON, subscribing to policy
number 595/NO313790R,

                                Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court are three letter applications from the parties, each of which will be addressed in turn.

      By letter application dated August 30, 2005, the defendants seek an order precluding the plaintiffs from introducing the testimony of a third supplemental expert, Dan Ryan, because the plaintiffs first identified this expert after the August 15, 2005 close of discovery. Alternatively, defendants request leave to name a rebuttal expert with regard to the same subject matter as plaintiffs' third supplemental expert. Plaintiffs' oppose the application by letter dated August 31, 2005 to the extent that defendants seek preclusion and consent to the defendants' identification of a rebuttal expert witness. Plaintiffs contend that although their identification of Mr. Ryan was made after the court's discovery deadline, the parties agreed to extend the deadline through August 31, 2005 and therefore the application for a preclusion order should be denied. In support of this claim, plaintiffs' have provided a letter dated August 16, 2005 from plaintiffs' counsel to defense counsel confirming their agreement to extend the discovery period through August 31, 2005. Plaintiffs further assert that, in light of their agreement, both parties agreed that Mr. Ryan's deposition would be taken on August 31, 2005 and conducted depositions following the August 15, 2005 deadline.

      As a threshold matter, the court notes that its May 2, 2005 order extending the discovery deadline directed that all discovery (fact and expert) be completed by August 15, 2005. The court warned the parties that, given the lengthy extension in this 2003 case, no further extensions would be granted absent a showing of manifest injustice. Thus, any "agreement" between the parties to extend this deadline in the absence of a court order is a nullity. Nevertheless, because of both parties' reliance on their agreement, the application for a preclusion order is **DENIED.** Plaintiffs shall produce Mr. Ryan for deposition by September 16, 2005. Defendants' rebuttal expert shall be identified by September 28, 2005 and shall be produced for deposition by October 12, 2005. The parties are warned that these deadlines will not be extended and the failure to meet these deadlines will result in a preclusion order. Given this ruling, the final conference scheduled for

September 12, 2005 is adjourned to **October 25, 2005 at 2:00 p.m**.  The parties shall electronically file their proposed joint pretrial order in advance of the final conference.  In addition, any party seeking to make a dispositive motion shall begin the motion process by October 19, 2005.  The parties are reminded to review District Judge Hurley's rules in this regard.

Also before the court is the defendants' August 31, 2005 letter application seeking an order directing the plaintiffs to pay the $200/hour expert witness fee charged by Thomas J. Russo Consultants, Ltd. in connection with the deposition of its employee, Peter Mazziotti.  Defendants assert that the deposition took five hours, resulting in a fee of $1,000.  The plaintiffs oppose the application by letter dated August 31, 2005, arguing that because the defendants have identified Mr. Mazziotti as a fact witness and have not produced any expert disclosures for Mr. Mazziotti as required by Federal Rule of Civil Procedure 26(a)(2)(B), he is not entitled to an expert witness fee.  The court agrees.  Federal Rule of Civil Procedure 26(b)(4)(C) makes clear that the obligation to pay a reasonable expert witness fee is limited to discovery taken from an *expert*.  Given that defendants have identified Mr. Mazziotti as a fact witness (see Second Supplemental Response to Demand for Fact Witness, annexed to plaintiffs' August 31, 2005 letter) and have not complied with Federal Rule of Civil Procedure 26(a)(2)(B), together with the defendants' concession that Mr. Mazziotti is "admittedly, not an expert and only would be able to offer testimony of a factual nature" (see defendants' August 31, 2005 letter at page 2), the court finds that Mr. Mazziotti is not an expert witness.  Thus, there being no basis for the award of fees sought, the application is **DENIED.**

Finally, the defendants have submitted a letter application dated September 7, 2005, seeking a contempt order pursuant to Local Civil Rule 37.3 and Federal Rule of Civil Procedure 45(e) based on the failure of a nonparty witness to appear to appear for deposition pursuant to subpoena.  Plaintiffs oppose the application by letter dated September 7, 2005.  Given that the plaintiffs lack standing to oppose the defendants' application, it has not considered the plaintiffs' letter.  Discovery in this case closed on August 15, 2005.  Even if the court were to adopt the August 31, 2005 discovery deadline pursuant to the parties' "agreement", the defendants' application, made on September 7, 2005, is too late.  The court notes that defendants sought leave to make a formal contempt motion on July 26, 2005.  (See Defendants' letter application dated July 26, 2005).  By order dated July 28, 2005, the court advised the defendants that the contempt application may be made by letter pursuant to Local Civil Rule 37.3 and reminded defendants to serve the nonparty witness with the letter application and to indicate that such service has been made.  Notwithstanding the court's order, defendants' instant application is made over a month later, after the close of discovery and in violation of the court's directive in that there is no indication that service has been made on the nonparty witness.  Enough is enough.  The application is **DENIED.**

Dated: Central Islip, New York           **SO ORDERED:**
     September 8, 2005

                                                                     _____/s/_____
                                                                     ARLENE R. LINDSAY
                                                                     United States Magistrate Judge